Submitted on briefs April 18, affirmed May 24, 1921.

## TAYLOR v. FREMONT FUEL CO.

(198 Pac. 243.)

**Compromise and Settlement—Automobile Owner's Agreement to Pay Damages Held for Jury.**

1. In an action against an automobile truck owner for negligence of driver, in which it was claimed that defendant on examination of damage to plaintiff's car agreed to pay for necessary repairs, the question of defendant's liability *held* for jury.

From Multnomah: WILLIAM N. GATENS, Judge.

In Banc.

The substance of the complaint is that the plaintiff's automobile was parked on the street in front of his place of business and that a delivery truck belonging to the defendant and driven by the defendant's employee was so operated in a careless and negligent manner by the driver that it collided with the plaintiff's automobile, damaging it so that he was compelled to pay for repairs $10.55, and was deprived of the use of the car to his loss in the sum of $10. The answer is a general denial of the allegations of the complaint.

The case was tried in the District Court without a jury, resulting in a judgment for the plaintiff in the full amount demanded. On appeal by the defendant to the Circuit Court a similar trial resulted in a judgment for the plaintiff in the sum of $15.55. The defendant appeals. AFFIRMED.

For appellant there was a brief prepared by *Mr. Oliver M. Hickey.*

For respondent there was a brief prepared and presented by *Mr. E. Earl Feike.*

BURNETT, C. J.—1. The testimony for the plaintiff is to the effect that his car was standing in front of his place of business, parked at about four to twelve inches from the curb, and that the defendant's truck was driven by, having on it some long timbers which struck the car in turning the corner, smashed the left rear fender and bent the front axle. The plaintiff and his employee were in the plaintiff's store at the time and did not see the collision, but heard the noise. The plaintiff immediately ran out, accosted the driver of the truck, who had made no attempt to get away, and demanded payment for the damage. The driver said he would call up his employer, went into the plaintiff's store, called somebody by telephone and told the plaintiff that his employer would come and see about the damage. Soon afterwards, the defendant, E. H. Berland, who admits doing business under the assumed name of "Fremont Fuel Company," appeared at the plaintiff's store, examined the automobile and directed the plaintiff's clerk, whom he interviewed, to have the automobile repaired, saying that he, the defendant, would pay the bill. The defendant disputes this testimony in part, admitting that he came and examined the automobile, but denying that he agreed to pay for repairing it. On the question of nonsuit, the only one presented for review, this is enough to carry the case to the jury.

The judgment is affirmed.    AFFIRMED.